## 9894

### ANTHONY v. EVE.

#### (95 S. E. 513.)

1. SPECIFIC PERFORMANCE—DISCRETION OF COURT.—The enforcement of a contract by specific performance rests in the sound discretion of the Court, and the exercise of such discretion will depend upon the facts and circumstances of each case.

2. SPECIFIC PERFORMANCE — CONTRACTS ENFORCEABLE — PART PERFORMANCE.—To be entitled to specific performance of an oral contract for the sale of real estate, the purchaser must show a clear, definite and unequivocal agreement together with acts of performance or part performance.

3. SPECIFIC PERFORMANCE — CONTRACTS ENFORCEABLE — FAIRNESS AND REASONABLENESS.—A Court of equity will not decree specific performance unless the contract is fair, just, and equitable.

4. SPECIFIC PERFORMANCE—CONTRACTS ENFORCEABLE—MISTAKE OR FRAUD. —Equity will not decree specific performance if the contract fails to express the true agreement of the parties by reason of fraud, accident, or mistake.

5. SPECIFIC PERFORMANCE—CONTRACTS ENFORCEABLE—CERTAINTY—FAIRNESS.—As shown by plaintiff's testimony, defendant orally agreed to sell him real estate for $300. The contract fixed no definite time for payment other than that payment should be made from time to time, with no agreement as to the amount to be paid each time. Shortly after the agreement and before taking possession, plaintiff paid $100 in the fall of 1911, and in 1912 he paid $5. There was no agreement as to who would pay for the property if plaintiff died before paying for it. He was not to insure the house, and did not keep it insured or keep the taxes paid. *Held,* that the contract was so vague, indefinite, indeterminate, and speculative and so inequitable and unjust that specific performance would not be decreed.

Before MEMMINGER, J., Barnwell, Fall term, 1917. Reversed.

Action for specific performance, upon an alleged oral contract for the sale of real estate. From a decree in favor of plaintiff, defendant appeals.

The following is the master's report and recommendations:

The undersigned master, to whom the above entitled action was referred to take the testimony and to report the same

with his conclusions of law and of fact, begs leave to report that he has followed the directions of the Court, and has been attended from time to time by the attorneys for the parties, and has taken the testimony of witnesses, which testimony is herewith submitted.

The plaintiff alleges in his complaint that the defendant and himself entered into an agreement whereby the defendant sold to the plaintiff a certain lot in the town of Barnwell, for the sum and price of $300, and upon which $100 was paid and receipted for, and that the plaintiff entered into the possession of the premises, under the agreement of parties, and is in the possession, and has made certain and sundry improvements thereon.

The defendant, in his. answer, admits the agreement to sell the lot to the plaintiff and for the price stated, and that $100 was paid on the agreement, and that the plaintiff entered into possession and is in possession, but alleges that the agreement was verbal and made in the year 1908, and not in the year 1911, as alleged in the complaint, and that the plaintiff entered into possession under that agreement on January 1, 1909, and that the $300, by said agreement, was fixed to be paid within the period of three years from that date, and that the $300 was to bear interest during the term at 8 per cent. per annum, and the plaintiff was to pay the taxes; to keep the premises in repair and insured from loss by fire. The answer further alleges the failure upon the part of the plaintiff to perform the said contract, in that nothing has been paid during the period thereon, except $100, and that the plaintiff failed to pay the insurance and taxes, except the sum of $5 at one time, and permitted the policy of insurance to expire, and has compelled the defendant to insure the premises of which the plaintiff has been in possession, and that he has likewise trespassed upon the premises; has reduced the size of the house, its fireplace, and otherwise to have affected the value of the said premises, and notwithstanding his failure to comply with his contract

and the time for compliance having long since expired, the plaintiff refuses to deliver up the premises to the defendant. The defendant also by way of counterclaim alleges the aforesaid breach of contract and damages to the premises as above stated, and claims the sum of $300 by way of counterclaim as aforesaid, against he plaintiff.

The plaintiff replied to the counterclaim by way of general denial, and likewise demurs generally, all of which will more fully appear, reference being had to the pleadings in the cause.

It will be perceived from the pleadings and evidence in the case that upon its threshold the question first to be determined is whether there has been such a contract alleged or established as would enable the plaintiff to maintain the action for specific performance, and this question must first be determined.

The plaintiff and defendant both admit that there was an agreement, whereby the lot was to pass and did pass into possession of the plaintiff, and that the consideration was $300, and that the premises should be maintained in repair and in other minor particulars both parties concur to a certain extent, but the plaintiff contends that there was no definite time in which the $300 should be paid, but that it can be paid "along," practically as he might see fit; whilst the defendant claims that the contract was specifically to be performed within the term of three years, and that insurance on the house should be paid by the plaintiff, as well as the taxes.

It is clear, therefore, that there is not a concurrence in the minds of the two parties of such a character as would render the contract alleged to have been made of such a certain and definite character in all of its details, as would be understood and determined by the Court. It is vague and uncertain as to time of performance, which is the absolute essential to its being upheld by the Court, and it seems to me that it comes directly within the terms of the case of

*Adams v. Power Co.,* 101 S. C. 178, 85 S. E. 312, wherein the Court defines what is necessary to establish a contract, which is enforceable in the Court of equity, under specific performance, and the Court in this case adopts the definition of what constitutes such a contract as is set forth in *Spears v. Long,* 32 S. C. 533, 11 S. E. 334: "Without stopping to inquire whether the contract in contention here was or was not of a class capable of being enforced, it was still necessary that it should have certain elements and incidents in order to authorize a Court of equity to compel its performance. The Court cannot make a contract for the parties, or even complete an imperfect one, and, therefore, it is indispensable that there should be a concluded contract 'certain and explicit.' As Mr. Pomeroy puts it: 'The contract must be concluded, certain, unambiguous, mutual, and upon a valuable consideration. It must be perfectly fair in all its parts; free from any misrepresentation or misapprehension, fraud, or mistake, imposition, or surprise.' "

In the case at bar the Court of equity is unable to make a contract for these parties, and where it is uncertain and ambiguous, and the time of performance appears to be on the part of one entirely left to him, whilst on the part of the other it was to be performed in three years, establishes the fact that the minds of the parties have never met upon this essential element of the contract. The master is of the opinion, therefore, that in this important preliminary consideration the plaintiff is without a right of action, because, according to his own complaint and testimony, an understandng was never had, and the contract was vague, undeterminate, speculative, and one in which the Court would have no power of performance, except by making a new contract for them.

The plaintiff being required not only to allege the specific contract, but also to prove the same by the preponderance of the evidence, the conclusion is irresistible that the complaint must be dismissed under the views above expressed,

and the status existing at the time of making the contract should be reinstated between the parties.

The defendant's counterclaim interposed in the action for the insurance premium paid, to wit, $17.03, and the taxes, to wit, $32.62, paid on the premises, in the light of the fact that the contract has been held to be ineffectual, should not be allowed the defendant, because they were charges made upon the premises after it was held to have been the defendant's from the inception of the supposed contract, under which the plaintiff entered into possession, but the defendant has a right to the rental value of the premises from January 1, 1909, and which, according to the evidence, and so found by me to be reasonable at $3 per month, which sums amount to $299 at the date of this report. Upon this amount, however, in equity, the plaintiff should be credited with the sum of $99 and interest at 7 per cent. from January 6, 1912, or the sum of $126.62, which would leave a net amount due to the defendant by the plaintiff on his counterclaim the sum of $172.38.

Recommendations: The master, therefore, recommends to the Court that a decree be entered restoring the possession of the premises to the defendant, and ordering the entry of judgment in favor of the defendant against the plaintiff for the sum of $172.38, being the rents and profits or rental value, $299 of the said premises for the term mentioned, less $99, and interest thereon, $126.62.

Further recommended that inasmuch as the plaintiff herein cannot be reached by judgment and execution that the defendant herein pay the costs and expenses of this suit.

The following decree was rendered:

After hearing argument upon the whole record herein upon exceptions to the master's report, this Court is satisfied that the master was in error in holding that there has been proven no contract of sufficient certainty to admit of specific performance. The parties undoubtedly agreed

upon a contract of purchase and sale of the real estate in question, and under that plaintiff went into possession and paid a portion of the purchase money; that is sufficiently sure which can be made sufficiently sure; and under that principle, from all of the testimony, I am satis-fied that the contract was to be performed within three years, the purchase price of the land being $300, $100 of which was to be paid (and was paid) near the time of the transfer of possession, the balance in the following three years. The first payment was made January 6, 1912, and while the testimony is conflicting upon the point, I am satis-fied that this was shortly after possession was transferred, and that it does not go back to 1908, as defendant now claims. From the testimony I fix the time of the entering into the contract as December 1, 1911. Plaintiff was to pay taxes and insurance, which he had not done, except to the extent of $5. His total payments being $99 January 6, 1912, and $5 at some indefinite time thereafter. Defend-ant has paid out in the meanwhile taxes and insurance. He claims that, if specific performance be declared, that he should receive the balance of the purchase money with interest at 8 per cent. as per his alleged agreement therefor, and the disbursements of taxes and insurance. He is enti-tled to the taxes and insurance from the date of the trans-fer as hereinabove fixed and interest thereon at 7 per cent. from the date as paid. He is only entitled to 7 per cent. per annum on the unnpaid balance of the purchase money. The agreement was oral, and while the part performance takes it out of the statute of frauds, as to the purchase, that would not apply to the oral agreement for interest at a greater rate than 7 per cent.

The decree of this Court, therefore, is that upon payment by the plaintiff to the master for the defendant within 30 days from the date of the filing hereof of the balance of the purchase price of $300, as with taxes and insurance as shall be proven to have been paid by defendant and interest upon

the basis of computation hereinabove set out, the defendant forthwith execute to plaintiff a good and sufficient fee simple deed to the said premises, with the usual covenant of warranty and renunciation of dower, and shall he fail or refuse to do so when called upon by the master, the master shall execute his deed as master, pursuant to this decree, to said plaintiff. If plaintiff fails to conform to the requirements within said time, the complaint is ordered dismissed and the premises restored to the defendant's possession, and the sheriff has authority hereunder to enforce said restoration of possession.

*Messrs. Bates & Simms,* for defendant-appellant, submit: *If plaintiff's testimony is to be believed, the defendant was absolutely unprotected in the enforcement of the contract, and being without mutual protection, it could not be enforceable at plaintiff's instance in the Court of equity:* 101 S. C. 178; 32 S. C. 533; 77 S. C. 517; 80 S. C. 31; 77 S. C. 211; 79 S. C. 141; 84 S. C. 434; 89 S. C. 279; 99 S. C. 30. *The specific performance of agreements is not a matter of absolute right, but rests in the sound discretion of the Court:* 84 S. C. 265; 266 S. E. 120. *As to time being of the essence of the contract:* 57 S. C. 572.

*Mr. R. A. Ellis,* for respondent, cites: *As to definition of a contract:* En. & Am. Enc., vol. VII, p: 99, footnote. *As to time not being of the essence of the contract:* Fetter's Equity 275. *As to rate of interest:* Civil Code, sec. 2518. *As to specific performance being a primary equitable right:* 26 S. C. 212; 41 S. C. 349. *No necessity for demand from plaintiff:* 1 McC. Equity 39. *Time is not of the essence of the contract:* 2 Hill Equity 121. *This case not within the statute of frauds:* 56 S. C. 260; 1 DeS. 350; 4 DeS. 78; Eng. & Am. Enc., vol. XXVI, p. 55; 63 S. C. 551. *Relation of parties, that of mortgagor and mortgagee:* 1st Pom. Eq. secs. 368-372; 48 S. C. 496; 2 DeS. 590-1. *Case of vendee in a partially executed contract, is stronger, where he is plaintiff,*

*than that of vendor, where vendor is plaintiff:* Enc. of Law, vol. XXVI, p. 71; 6 Rich. Eq. 324. *Where plaintiff is in possession of premises sold, lapse of time is no prejudice to his remedial right:* Pomeroy on Contracts, sec. 404; 53 Am. St. Rep. 254; 1 DeS. 486; Enc. Law, vol. XXVI, p. 79. *As to specific performance in the case of gifts:* 26 Enc. Law, p. 97; 29 S. C. 72; Story's Eq., sec. 761. *Courts of equity will enforce a specific performance, where the parol agreement has been partly carried into execution:* Story's Eq., 3d Ed., sec. 759. *The case cited by the master, 101 S. C. 179, cannot apply to this case, because in that case the minds of the parties did not meet.*

January 28, 1918.

The opinion of the Court was delivered by Mr. JUSTICE WATTS.

This was an action for specific performance of an alleged contract for sale of real estate. After issue joined the cause was referred to the master to hear and determine all issues and report to the Court. The master filed his report, which was in favor of the defendant. Exceptions were filed thereto by the plaintiff, and the cause was heard by his Honor, Judge Memminger, who filed his decree reversing the master and decreed in favor of the plaintiff for a proper understanding of the case. The report of master and decree of his Honor will be incorporated in the report of the case. After filing of the decree defendant appealed and by eight exceptions imputes error on the part of his Honor and seeks reversal. The points raised by the exceptions will be considered together as they all challenge his Honor's finding of fact.

The enforcement of a contract for specific performance rests in the sound discretion of the Court, and in order for the plaintiff to avail himself of this doctrine: "He must

show a clear, definite and unequivocal agreement together with acts of performance or parts of performance."

· It is not a matter of absolute right but rests in the sound discretion of the Court and the exercise of that discretion will depend upon the facts and circumstances of each case a Court of equity will not decree specific performance unless the contract is fair, just and equitable, nor if it fails to express the true agreement of the parties by reason of fraud, accident or mistake. *Crawford v. Crawford,* 77 S. C. 211; *Marthison v. McCutcheon,* 84 S. C. 265; *McChesney v. Smith,* 105 S. C. 178.

Measuring the facts of the case by the principles, the plaintiff's own testimony in the case fails to establish such a contract as the Courts ought to enforce. He testifies that he was to pay $300 for the place, but that no definite time was fixed for the payment of any of the installments; that he entered into possession of the premises in January; he does not know the year nor exactly when he entered—about two months after the trade; that he paid $100 before he went into possession; that he paid $5 about two years ago; that he had been in possession of the place about five years; that he bought the place for $300, and no definite time was fixed for the payment of the $300, and he was to pay from time to time, but no definite time was fixed for the payments, and nothing said about the amount of payments to be made at each payment; that the payments were to be made, not by the week, month, or year, but he "was to pay it along;" that nothing was said or spoken of about who was to pay it if he did not pay it before he died; that he was not to insure the house. The evidence shows that the only payments made on the contract were $100 in the fall of 1911 and $5 in 1912; that the plaintiff failed to keep the property insured or to pay the taxes thereon. The contract as attempted to be made by plaintiff's own evidence is one so vague, indefinite, indeterminate, and speculative, inequitable, and unjust that the Court cannot in good con-

science decree the enforcemnt of the same. In this case the delay of plaintiff in making payment to the defendant of the purchase price, $300, is injurious. The defendant has been kept out of the money, purchase price, has received neither principal nor interest, and has all this time had to pay the taxes and insurance. The plaintiff has not performed the conditions of the contract, and to decree specific performance would be doing the defendant an injustice and wrong.

Exceptions 1, 2, 3, 4, 5, 6 and 7 are sustained.

Judgment reversed, and report of master confirmed.

Reversed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur.

MR. JUSTICE GAGE dissents.

MR. JUSTICE HYDRICK did not sit.